NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELBERT HARRIS, Jr., | No. 17-56244 |
| Petitioner-Appellant, | D.C. No. 5:16-cv-02040-SVW-AJW |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 11, 2019[**]
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and OWENS, Circuit Judges.

California state prisoner Elbert Harris, Jr., appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging the revocation of

his probation. As the parties are familiar with the facts, we do not recount them

here. We review de novo a district court's denial of a habeas petition. *Fairbank v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ayers*, 650 F.3d 1243, 1250 (9th Cir. 2011). We affirm.

The California Court of Appeal concluded that, based on a preponderance of the evidence, sufficient evidence supported the trial court's revocation of Harris's probation due to his possession of methamphetamine. Harris contends that there was insufficient evidence that the substance he possessed was methamphetamine because the officer's visual identification of the substance and other circumstantial evidence were too speculative.

However, it was not unreasonable for the California Court of Appeal to determine that there was sufficient proof that the substance was methamphetamine based on the evidence that: (1) Harris was carrying 2.1 grams of the white crystalline substance in a pill bottle like container, which was a weight and vessel consistent with controlled substances; (2) the officer, who had seen methamphetamine multiple times during his career, stated that the substance looked like methamphetamine; and (3) Harris gave an unreasonable explanation that he found the container on the street, suggesting consciousness of guilt.

Thus, the California Court of Appeal's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In particular, the California Court of Appeal did not misapply *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), which set

forth due process requirements for parole and probation revocation. Nor was the California Court of Appeal's decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**AFFIRMED**.